IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PAUL GANTT AND EDNA GANTT,<br><br>      Plaintiffs,<br><br>    v.<br><br>TMLF HAWAII LLC AND PETER STONE,<br><br>      Defendants. | Case No. 24-cv-00116-DKW-KJM<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

On March 8, 2024, Plaintiffs Paul Gantt and Edna Gantt (collectively, Plaintiffs), proceeding without counsel, filed a Complaint against TMLF Hawaii LLC and Peter Stone (collectively, Defendants), alleging "lying" in a State court complaint for foreclosure.  Dkt. No. 1.  On March 19, 2024, Plaintiffs filed an application to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 5.

I.  **The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay.  *See* 28 U.S.C. § 1915(a)(1).  "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and

---

[1]Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), an applicant must nonetheless show an inability "to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Plaintiffs have yet to show an entitlement to proceed without prepaying fees or costs in this action. While the IFP Application is far from a model of clarity, largely because Plaintiffs have chosen to answer only a few questions on the applicable form, it appears from the documentation attached to the application that Plaintiff Paul Gantt receives at least roughly $5,500 per month through various disability and social security programs.[2]  *See* Dkt. No. 5 at 5-6. Although also not perfectly clear, weighed against this income are monthly expenses that appear to, at most, total roughly $1,300. *See id*. at 3. Based upon these figures and the present record, the Court cannot say that Plaintiffs, with an apparent net surplus in monthly income of at least $4,000, have shown an inability to pay the $405 filing fee or other costs associated with litigating this case. The IFP Application, Dkt. No. 5, is, therefore, DENIED. However, in light of the potential opacity of the IFP Application, should Plaintiffs wish to clarify any statements they have made or

---

[2]It is potentially significantly more if Plaintiff Paul Gantt receives both $3,915.42 *and* $4,256.06 per month in disability payments. *See* Dkt. No. 5 at 5.

documents provided in the IFP Application, they may do so.   As a result, denial is WITHOUT PREJUDICE.

Plaintiffs may have until **April 12, 2024** to *either* (1) pay the filing fee for this action, *or* (2) file a new IFP application, a copy of which the Court will mail to them. **The Court cautions Plaintiffs that the failure to either pay the filing fee or file a new IFP application by April 12, 2024 will result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to mail Plaintiffs a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

Dated: March 27, 2024 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Gantt et al. v. TMLF Hawaii LLC, et al.*; Case No. 24-cv-00116-DKW-KJM; **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**